Singh v. Sessions

BIA
A089 714 653

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

HARMESH SINGH,
> *Petitioner,*

v.                                             16-3984
                                               NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Jaspreet Singh, Fremont, CA.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Brianne Whelan
                           Cohen, Senior Litigation Counsel;
                           Lindsay Corliss, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harmesh Singh, a native and citizen of India, seeks review of a November 18, 2016, decision of the BIA denying his second motion to reopen. *In re Harmesh Singh,* No. A089 714 653 (B.I.A. Nov. 18, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Singh asserted that police had raided his home in India and arrested and beat his father. He argued that these events demonstrated a change in conditions excusing the untimely and number barred filing of his motion and established his prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

It is undisputed that Singh's 2016 second motion to reopen was number barred and untimely filed two years after

his 2014 removal order. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, these time and number limitations do not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Singh failed to demonstrate such conditions.

In support of his assertion that police raided his house and arrested and beat his father, Singh submitted only his own affidavit. The BIA was not required to credit that affidavit because Singh had no firsthand knowledge of the events described therein, and he did not submit any evidence to corroborate his assertions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to evidence in immigration proceedings lies largely within agency discretion). Moreover, the BIA was not required to credit Singh's

3

affidavit in light of the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

The BIA also reasonably concluded that country conditions evidence of police abuses in India would not change the outcome of Singh's proceedings because Singh has never rebutted the agency's determination that he was not credible regarding his claim that police had targeted him on account of his political opinion. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion in the BIA's denial of a motion to reopen when "evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"). Accordingly, because the BIA reasonably found that Singh did not demonstrate a material change in conditions in India, it did not abuse its discretion in denying his motion to reopen as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk